## No. 6.

STATE *against* IRA SMITH. *Chittenden*, 1819.

SUPREME Court have jurisdiction of Theft under seven dollars.

THIS was an indictment for stealing two sheep, of the value of ten dollars, as alledged in the indictment.

*Plea*—To the jurisdiction.

That, by the laws of this State, all Justices of the Peace, within their respective Counties, are authorized to hear, try, and determine all complaints for larceny, where the property taken does not surmount the sum of seven dollars ; and, that the value of the property, mentioned in the indictment, does not exceed the sum of seven dollars.   Demurrer.

In support of the demurrer, *Follet*, State's attorney, contended—That the Supreme Court has jurisdiction, over the crime of theft, whether the value of the property be over or under the sum of seven dollars.   Stat. 1 vol. p. 353, 56, 352, 169.

*Contra.   Van Ness* and *Robinson :*

1. The value of the property is material, and the defendant is not concluded by the averment in the indictment, but has a right to put it directly in issue.

2. Justices of the Peace have exclusive jurisdiction where the value of the property does not exceed seven dollars ; it is not material whether the Supreme Court have *common law* jurisdiction or not; it is sufficient that the Legislature has given another Court jurisdiction in this *case* ; the difference of punishment in case of a conviction in the Supreme Court or before a Justice of the Peace, is conclusive that the Supreme Court has not concurrent jurisdiction.

By the Court.   The jurisdiction of the Supreme Court, in criminal cases, is to be ascertained by a construction of the Judiciary Act taken together.   The first section creates the County Courts, and defines their jurisdiction ;  the first thing to be noticed, is the different language (as it respects the Supreme Court) used in criminal and in civil cases.   In criminal cases the County Courts "shall have cognizance of all criminal

matters," &c. In civil cases "shall have original jurisdiction, *exclusive* of the Supreme Court." The Legislature has simply given jurisdiction in certain criminal matters ; but, in civil cases, has *expressly* given jurisdiction *exclusive* of the Supreme Court. The words giving jurisdiction to the County Court in criminal matters, contemplate a *concurrent* jurisdiction in the Supreme Court; "shall have cognizance of all criminal matters, of every name or nature, (except such as are made cognizable *only* in the Supreme Court ;)" the Statute expressly giving jurisdiction to the Supreme Court, has made it exclusive in the cases specified in the Act ; if the Supreme Court have no jurisdiction, but in cases specified in the Act, and of course *exclusive*, the word "only" was useless, it would be sufficient to say "except such as are made cognizable in the Supreme Court ;" but, if the Supreme Court has other jurisdiction than exclusive, the word "only" becomes important, its omission would deprive the County Court of jurisdiction in all cases cognizable in the Supreme Court ; the Act evidently contemplates that criminal matters are cognizable in the Supreme Court, other than those cognizable *only* in that Court, of such cases the County Court may take cognizance. In civil cases the expression is "(except such as are cognizable solely before the Supreme Court,)" but care has been taken *expressly* to give the County Court exclusive jurisdiction.

Section 6th constitutes the Supreme Court, and in defining its jurisdiction, evidently expresses what is intended to be its *exclusive original* jurisdiction only. Jurisdiction of the subject matter of a criminal nature, in all cases cognizable by the County Court, had been given expressly, by way of appeal, in section second.

The Constitution, section 4th, had made the Judges of the Supreme Court general conservators of the peace, throughout the State, so that the powers of the Court are not extended to any new *subject matter*, by taking original cognizance. The Judiciary Act recognizes in the first section, other jurisdiction

than exclusive, or that which is expressly given by Statute, and proceeds to curtail the Supreme Judicial powers of the Court, by *expressly* giving original jurisdiction to the County Court in *civil* matters *exclusively* of the Supreme Court of Judicature ; original jurisdiction is no where *expressly* given to the Supreme Court, of any civil case, except where the State is a party ; this *express* provision in favor of the County Court would have been needless, if the Supreme Court had no *inherent* original jurisdiction—the conclusion is that the Supreme Court has inherent, and incidental to its existence, original jurisdiction of every criminal matter, except in cases where the jurisdiction is taken away by Statute.

This construction of the Judiciary Act is supported by various *Statutes*, which recognize a concurrent and general jurisdiction of criminal cases in the Supreme Court.

The first section of the Act for the punishment of inferior crimes, *recognizes* the same jurisdiction, in case of theft, in Supreme as in County Court.

. The Act relating to fines, &c, 2 vol. p. 65, sec. 2, provides that in cases originally commenced in the Supreme Court, the fine or penalty shall be paid into the Treasury of the State—if the Supreme Court had no jurisdiction, except in cases *expressly* given by Statute, the Court could not take cognizance of a breach of a penal law, except where the fine or penalty is *expressly* payable to the State Treasury ; this section then, was useless, but this section provides that the penalty shall be paid into the State's Treasury by reason of the prosecution being originally commenced in the Supreme Court, it contemplates a class of cases that may be prosecuted in either Court, County or Supreme, and a concurrent jurisdiction in those Courts.

*Judgment*—Plea insufficient.